### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MOHAMMED ABUHARBA, | ) | |
| No. 445413, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 14-cv-01121-MJR** |
| | ) | |
| RICHARD WATSON, | ) | |
| THOMAS TRICE, | ) | |
| STEVEN STRUBBERG, and | ) | |
| NANCY SUTHERLIN, | ) | |
| | ) | |
| **Defendants.** | ) | |

### MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Plaintiff Mohammed Abuharba, a pretrial detainee in the St. Clair County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on the conditions of his confinement and a related act of retaliation.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   Frivolousness is an objective standard that refers

to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint, Plaintiff Abuharba has been housed in the St. Clair County Jail since February 10, 2014. He complains of unsafe and unhealthy conditions of confinement, including but not limited to mold in his cell and in the shower area, insects, paint chips landing in his food, toilets that only flush on a timer, and overflowing toilets that flood his cell.

After Plaintiff lodged a grievance about his living conditions, Lt. Nancy Sutherlin forced him to move to the dayroom, where he slept on the floor for months. When he filed a grievance about sleeping on the floor, Cpt. Thomas Trice and Sgt. Steven Stubberg appeared on Plaintiff's cellblock and "screamed and cussed," threatening to house the prisoners in the maximum security unit if they continued to file grievances. Trice and Strubberg then actually ordered that Plaintiff be moved to the maximum security unit, where he remains. The complaint suggests that the conditions of confinement in the maximum security unit are more harsh and/or restrictive than the unit where Plaintiff had been housed.

Plaintiff sues Sheriff Richard Watson, Cpt. Trice, Sgt. Strubberg and Lt. Sutherlin. He seeks compensatory and punitive damages against each Defendant in his or her individual and official capacities.

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into two counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:** **All Defendants subjected Plaintiff to conditions of confinement that amounted to punishment, in violation of the Fourteenth Amendment; and**
>
> **Count 2:** **Defendants Trice and Strubberg retaliated against Plaintiff for filing grievances, in violation of the First Amendment.**

**Discussion**

**Count 1**

The Due Process Clause of the Fourteenth Amendment prohibits conditions of confinement for pretrial detainees that amount to punishment.  *Board v. Farnham*, 394 F.3d 469, 477 (7th Cir. 2005).  The conditions of confinement described in the complaint are sufficient to support a constitutional claim.  However, that does not end the analysis.

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation."  *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).

Relative to Sheriff Watson, who is described as being legally responsible for the operation of the Jail and welfare of all detainees, the *respondeat superior* doctrine—supervisory liability—does  not apply to actions filed under 42 U.S.C. § 1983.  *See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008).  There are <u>no</u> allegations regarding Sheriff Watson in the narrative portion of the complaint.  Merely naming a defendant in the caption is insufficient to

state a claim. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). There is also no request

for injunctive relief, which would warrant keeping Watson as a defendant in his official capacity.

Therefore, Sheriff Watson will be dismissed without prejudice.

Insofar as the allegations suggest a systemic problem, the conditions of the Jail are not

attributed to any particular defendant, or to a policy, practice or custom attributed to the Sheriff

or St. Clair County. If Plaintiff opts to file an amended complaint, he should keep in mind that,

with respect to systemic rather than individual constitutional violations and Sheriff Watson, a

unit of local government, like a Sheriff's Department (by and through the Sheriff in his official

capacity), may be liable for official policies and customs. *See Monell v. Department of Soc.

Servs.,* 436 U.S. 658, 694 (1978); *Estate of Sims ex rel. Sims v. County of Bureau*, 506 F.3d 509,

514-15 (7th Cir. 2007). *See also Doyle v. Camelot Care Centers, Inc*., 305 F.3d 603, 615 (7th

Cir. 2002) (allegations that an agency's senior officials were personally responsible for creating

the policies, practices and customs that caused the constitutional deprivations suffice to

demonstrate personal involvement).

Because the compliant fails to allege that a municipal policy or custom caused the

unconstitutional conditions of confinement, no official capacity claims have been asserted and all

official capacity claims will be dismissed without prejudice. *See Monell*, 436 U.S. at 694.

Count 1 shall proceed against Defendants Trice, Strubberg and Sutherlin in their

individual capacities.

**Count 2**

"An act taken in retaliation for the exercise of a constitutionally protected right violates

the Constitution"—more specifically, it violates the First Amendment. *DeWalt v. Carter,* 224

F.3d 607, 618 (7th Cir. 2000). Retaliation for filing a grievance violates the First Amendment.

*Gomez v. Randle,* 680 F.3d 859, 866 (7th Cir. 2012) (internal citations omitted).  Thus, Count 2

complaint states a colorable claim against Defendants Trice and Strubberg.[1]

As with Count 1, the complaint fails to allege any sort of municipal policy or custom, so

Count 2 shall proceed against Defendants Trice and Strubberg only in their individual capacities.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, Defendant **RICHARD WATSON** is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that all official capacity claims are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that **COUNT 1** shall **PROCEED** against Defendants **THOMAS TRICE, STEVEN STRUBBERG and NANCY SUTHERLIN** in their individual capacities.

**IT IS FURTHER ORDERED** that **COUNT 2** shall **PROCEED** against Defendants **THOMAS TRICE and STEVEN STRUBBERG** in their individual capacities.

The Clerk of Court shall prepare for Defendants **THOMAS TRICE, STEVEN STRUBBERG and NANCY SUTHERLIN**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.

If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the

---

[1] The complaint contains an allegation that Lt. Sutherlin threatened to move Plaintiff to the maximum security unit after Plaintiff stated that he would prefer to stay in his flooded cell, rather than move to the dayroom and sleep on the floor.  The Court does not construe that allegation as sufficient to support a First Amendment claim, in that it appears that the punishment was threatened in relation to Plaintiff's refusal to follow an order.  If a First Amendment claim was intended, Plaintiff should consider that claim to be dismissed without prejudice.

Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs

under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.   *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  November 14, 2014**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**