IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MOHAMMED ABUHARBA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.  14-cv-1121-JPG-SCW |
| ) | |
| THOMAS TRICE, et al., ) | |
| ) | |
| Defendants. ) | |

### REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

*Pro se* Plaintiff Mohammed Abuharba brought the present suit pursuant to § 1983, alleging he was subjected to unsafe and unsanitary conditions in the St. Clair County Jail in Belleville, Illinois.  This matter is before the Court on Defendants' Motion to Dismiss (Doc. 31).  Defendants seek dismissal for alleged discovery violations by Plaintiff and for failure to prosecute, and Plaintiff filed a response (Doc. 34).  As such, Defendants' motion is ripe for disposition.  For the reasons set forth below, the undersigned **RECOMMENDS** that Defendants' Motion to Dismiss be **GRANTED** and Plaintiff's claims be **DISMISSED with prejudice.**

#### FACTUAL BACKGROUND

Plaintiff filed his Complaint in this suit on October 20, 2014.  (Doc. 1).  Chief District Judge Reagan conducted a merits review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A, and found that Plaintiff had sufficiently pleaded two counts for

constitutional violations relating to the conditions of his confinement against the Defendants in their individual capacities. (Doc. 5, p. 3 – 5).

On March 30, 2015, the Court entered a Trial Practice Schedule and set the discovery deadline for May 31, 2016. (Doc. 19). On July 6, 2015, Defendants served Plaintiff with their First Set of Interrogatories. (Doc. 31-1). Though Plaintiff apparently sent Defendants a settlement demand, he did not respond to the written discovery. (Doc. 31-2). Therefore, on December 7, 2015, Defendants sent Plaintiff a letter rejecting the settlement demand, asking for a response to the July 6, 2015 written discovery, and enclosing amended discovery requests. (*Id.*). After still receiving no response, on February 16, 2016, Defendants sent a third set of copies of their First Interrogatories and First Requests for Production. (Doc. 31-3). In their letter, Defendants prominently indicated that the correspondence should be considered Final Notice under Rule 37(a). (*Id.*).

After receiving no response to the February 16, 2016 letter, Defendants filed a motion to compel Plaintiff's responses on March 7, 2016. (Doc. 27). That motion was granted on June 8, 2016, and Plaintiff was given until June 22, 2016 to answer Defendants' discovery. (Doc. 30). However, the June 22 deadline passed without Plaintiff providing responses. (Doc. 31, p. 2).

Additionally, on May 26, 2016, Plaintiff refused to testify at his deposition after receiving notice. (Doc. 31-4, p. 3; Doc. 29, p. 7 – 8). The entire deposition proceedings follow below:

>       MS. PORTER:      Deposition began at 9:54 AM.  Deponent indicates he wishes not to submit to a deposition.  He would like to consult legal counsel at this time.  Deposition concludes at 9:55 AM.  Would you have anything you'd like to add on the record?
>
>       MR. ABUHARBA:  Not that I know of.
>
>       MS. PORTER:      Okay.  Deposition concluded.  Signature is waived.

(Doc. 31-4, p. 3).

On June 8, 2016, Plaintiff filed a Motion for Recruitment of Counsel.  (Doc. 29).  In his motion, Plaintiff asserts that he requires counsel because, among other things, the Defendants sought his deposition, and he was "forced to decline due to the fact that [he] did not have legal counsel…."  (Doc. 29, p. 3).  Prior to filing the June 8 motion to recruit counsel, this Court twice denied requests for counsel filed by Plaintiff.  (*See* Docs. 23, 26).  In both of the prior orders denying Plaintiff's motions for counsel, the Court indicated the well-established rule that there is no right to counsel for a civil litigant.  (Doc. 23, p. 1; Doc. 26, p. 1).

On June 29, 2016, Defendants filed the Motion to Dismiss that is currently before the Court.  (Doc. 31).  They seek dismissal of Plaintiff's claims pursuant to Federal Rules of Civil Procedure 37(b)(2) and 41(b).  (*Id.*).  Plaintiff filed his response to the Motion to Dismiss on July 28, 2016.  (Doc. 34).  Though Plaintiff referenced the deposition and motion to compel in his Motion for Recruitment of Counsel, he does not mention the deposition in response to Defendants' Motion to Dismiss.

### LEGAL STANDARD

District Courts have broad discretion in selecting an appropriate sanction for a discovery violation.  *Barreto v. Citibank, N.A.*, 907 F.2d 15, 16 (1st Cir. 1990); **§ 2284 Discretion of District Court in Imposing Sanctions, 8B Fed. Prac. & Proc. Civ. § 2284 (3d ed.)**.  Further, district courts have an inherent power to dismiss suits due to a plaintiff's failure to prosecute.  *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629, 82 S.Ct. 1386, 8L.Ed.2d 734 (1962).  This power is necessary in order to prevent unnecessary delays in disposing of pending cases and to avoid clogging the district courts' calendars.  *Id.* at 629 – 30.

Rule 37(b)(2) allows a district court to issue sanctions, including dismissal, against a party who fails to obey a discovery order.  **FED.R.CIV.P. 37(b)(2)(A)**.  A court may dismiss a case under 37(b)(2) if it finds that the offending party acted willfully, in bad faith, or displayed fault, and if dismissal would be proportionate to the circumstances.  *Watkins v. Nielsen*, 405 Fed.Appx. 42, 44 (7th Cir. 2010) (citing *Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009); *Melendez v. Ill. Bell Tel. Co.*, 79 F.3d 661, 672 (7th Cir. 1996)).

Under Rule 41(b), a court may dismiss an action with prejudice "if the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order."  **FED.R.CIV.P. 41(b)**.  A district court should dismiss a suit under Rule 41(b) "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing."  *Salata v. Weyerhauser Co.*, 757 F.3d 695, 699 (7th Cir. 2014)

**(quoting *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983)) (internal quotations omitted)**.

Additionally, the Federal Rules allow a party to take the deposition of another party upon "reasonable written notice". **FED.R.CIV.P. 30(b)(6)**. It is the general right of a party to a lawsuit to compel any person to appear at a deposition relating to the suit. *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 993 (7th Cir. 2002) (citing FED.R.CIV.P. 30(a)).

## ANALYSIS

The undersigned finds Plaintiff's conduct in this matter to be willfully defiant and obstructionist. Setting aside Plaintiff's failure to obey this Court's order commanding him to respond to written discovery (which he claims he was unable to do), by refusing to testify at his duly noticed deposition, Plaintiff interfered with the Defendants' right to depose him. Such an action cannot be excused by Plaintiff's *pro se* status. Though, in his Motion for Recruitment of Counsel, Plaintiff claims he had to "decline" his deposition due to his lack of representation, Plaintiff is not entitled to representation in this matter. ***See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007)**. Prior to his deposition, and Defendants' filing of the Motion to Compel, Plaintiff had twice been put on notice via orders from this Court that he has no right to counsel in a civil suit. Plaintiff, nonetheless has refused to be deposed, purportedly due to his lack of representation, even after twice being denied requests for recruitment of counsel. The Court does not consider a recruited attorney in any way essential for Plaintiff to sit for a deposition and answer questions under oath. Moreover, at the time the deposition

began, Plaintiff did not have any motion for recruitment of counsel pending. Rather, he only chose to renew his motion after Defendants' attempt to take his deposition.

Given Plaintiff's defiant actions and his refusal to participate in his own lawsuit, the undersigned finds that dismissal is warranted. *See Collins v. Illinois*, **554 F.3d 693 (7th Cir. 2009) (district court did not abuse its discretion in dismissing plaintiff's suit where plaintiff left her deposition before questioning began)**. The undersigned finds that a lesser sanction, such as costs or fees, would prove unavailing since Plaintiff has been granted *in forma pauperis* status and likely cannot pay a monetary sanction. (*See* Doc. 4). Therefore, given Plaintiff's actions dismissal would be appropriate under Rule 41(b).

## CONCLUSION

For the reasons indicated above, the undersigned recommends that Defendants' Motion to Dismiss (Doc. 31) be **GRANTED** and all claims against Defendants be **DISMISSED with prejudice**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties may object to any or all of the proposed dispositive findings in this Recommendation. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *See, e.g., Snyder v. Nolen*, **380 F.3d 279, 284 (7th Cir. 2004).** Accordingly, Objections to this Report and Recommendation must be filed on or before **August 25, 2016**.

**IT IS SO ORDERED**.
DATED: **August 8, 2016**

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge